**Jack Clifford RICE, Jr., Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–90–044–CR.**

Court of Appeals of Texas, Fort Worth.

Dec. 19, 1990.

Discretionary Review Refused April 3, 1991.

Layne H. Harwell and Suzie Johnson, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Chris Marshall, Asst. and David L. Richards, Asst., Fort Worth, for appellee.

Before JOE SPURLOCK, II, FARRIS and DAY, JJ.

## OPINION

FARRIS, Justice.

Rice appeals the revocation of his probated sentence complaining in his one point of error that the trial court abused its discretion because the State failed to prove he was the same person whose sentence was probated. Rice entered a plea of "not true," to the revocation allegations but never complained in the trial court that he was the wrong man. Faced with adverse authority requiring him to raise the identity issue in the trial court, he tries to distinguish the facts of his case from those of the leading case. *See Barrow v. State*, 505 S.W.2d 808, 810 (Tex.Crim.App.1974). We reject his argument, overrule his point of error, and affirm the order revoking his probation.

In *Barrow*, the court noted that even though no witness testified that the person whose probation was revoked was the same person who was convicted and granted probation, Barrow's probation was revoked by the same judge who had granted it and the attorney representing him at the revocation hearing had the same name as his attorney at the earlier hearing. Rice's case involves different trial judges, different prosecutors, and different defense counsel; therefore, Rice reasons there is missing a necessary link between the Jack Clifford Rice, Jr., who stood before the trial court, answered yes to the question "Are you Jack Clifford Rice, Jr.?," and pled not true to the allegations of the petition to revoke probation and the Jack Clifford Rice, Jr. who earlier was found guilty and assessed the probated sentence.

We reject his argument because unlike a trial on the merits a revocation hearing is administrative in nature, *see Davenport v. State*, 574 S.W.2d 73, 76 (Tex.Crim.App.1978), and the burden of proving a probationer's identity is not the same as the burden of proving the identity of an accused in a criminal trial. In a criminal trial the State must prove the accused was the perpetrator, and the accused stands innocent before the court until his identity as the perpetrator is established beyond a reasonable doubt. In a probation revocation hearing the State must prove its case by a preponderance of the evidence and when an offense is relied upon as a basis of revocation every element of that offense must be proved including the probationer's identity as its perpetrator. *See Grant v. State*, 566 S.W.2d 954, 956 (Tex. Crim.App. [Panel Op.] 1978). The State satisfies its burden of proof when the greater weight of the credible evidence before the court creates a reasonable belief that a condition of probation has been violated. *See Scamardo v. State*, 517 S.W.2d 293, 298 (Tex.Crim.App.1974). The grounds for revoking Rice's probation involved his failure to affirmatively live up to the terms imposed, reporting to his probation officer and paying fees and costs rather than his commission of some new offense, and the evidence of those omissions was sufficient because, regardless of the identity of the person sitting with Rice's attorney at counsel table, the State had offered sufficient proof that the probationer had not reported as directed or paid court ordered fines and costs.

Obviously, neither a conviction nor a revocation of probation can be sustained if someone other than the defendant stood before the court and entered a plea, but that is not Rice's complaint. Neither is it Rice's complaint that he must now serve out the sentence imposed on someone other than himself.

We hold that by failing to make his identity an issue before the trial court, Rice failed to preserve error. We reject his argument that we should distinguish this case on its facts from the rule in *Barrow*.

The judgment is affirmed.