NO. 07-03-0448-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 12, 2003


______________________________



TONY ORMS




 Appellant


v.



ANNETTE JOHNSON




 Appellee

_________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF ANGELINA COUNTY;



NO. 12854; HON. BARRY BRYAN, PRESIDING


_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

MEMORANDUM OPINION


 Appellant Tony Orms filed a notice of appeal on September 22, 2003. However, he
did not pay the $125 filing fee required from appellants pursuant to Texas Rule of
Appellate Procedure 5. Nor did he file an affidavit pursuant to Texas Rule of Appellate
Procedure 20.1 relieving appellants of their duty to pay the fee. By letter from this Court
dated October 31, 2003, we informed appellant that "the filing fee of $125.00 has not been
received. Said fee is due to be filed no later than November 10, 2003. Failure to pay the
filing fee may result in the appeal being subject to dismissal." Tex. R. App. P. 42.3(c); see
Holt v. F. F. Enterprises, 990 S.W.2d 756 (Tex. App.--Amarillo 1998, pet. ref'd). October
10th lapsed without the fee being paid.

 Consequently, we dismiss the appeal pursuant to Texas Rule of Appellate
Procedure 42.3(c). 

 

 Per Curiam

 

 



y: Arial">

 At the hearing on the motion to revoke, appellant plead true and signed a stipulation
of evidence to five of the seven violations alleged by the State. He plead not true to the
remaining two by which the State alleged he had evaded a police officer and violated his
10:00 p.m. curfew. 

 The State presented testimony from a patrol officer who stopped appellant at
approximately 11:30 p.m. for a traffic violation that resulted in a charge of evading arrest. 
The officer testified that appellant did not comply with her instructions to remain in the
vehicle and instead walked around the vehicle. A foot pursuit ensued. Despite several
requests to stop, appellant walked around a residence and she was unable to catch up with
him. She later identified him from mug shots. Appellant and his mother testified he was
not the person who fled from the patrol officer and suggested it was a case of mistaken
identity. 

 Appellant's community supervision officer testified to some violations of the
conditions of community supervision, and appellant testified to using marihuana. Following
presentation of all testimony, the trial court found appellant violated the terms of community
supervision as alleged by the State and revoked community supervision.

 When reviewing an order revoking community supervision, the sole question before
this Court is whether the trial court abused its discretion. Cardona v. State, 665 S.W.2d
492, 493 (Tex.Cr.App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). 
In a revocation proceeding the State must prove by a preponderance of the evidence that
the probationer violated a condition of community supervision as alleged in the motion to
revoke. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). If the State fails to meet
its burden of proof, the trial court abuses its discretion in revoking community supervision. 
Cardona, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a
revocation, we view the evidence in the light most favorable to the trial court's ruling. Jones
v. State, 589 S.W.2d 419, 421 (Tex.Cr.App. 1979). When more than one violation of the
conditions of community supervision is found by the trial court, the revocation order shall
be affirmed if one sufficient ground supports the court's order. Moore v. State, 605 S.W.2d
924, 926 (Tex.Cr.App. 1980); Jones v. State, 571 S.W.2d 191, 193 (Tex.Cr.App. 1978);
McCollum v. State, 784 S.W.2d 702, 704-05 (Tex.App.--Houston [14th Dist.] 1990, pet.
ref'd). Additionally, a plea of true standing alone is sufficient to support the trial court's
revocation order. Moses v. State, 590 S.W.2d 469, 470 (Tex.Cr.App. 1979). 

 Counsel advances three arguable issues, to-wit: (1) the State failed to prove
appellant's identity during the revocation proceeding, (2) the evidence was legally and
factually insufficient to support the judgment revoking community supervision, and (3) the
punishment assessed was cruel and unusual and in violation of appellant's constitutional
rights. Counsel concedes that appellant waived error, if any, on proof of identity. He also
points out that given appellant's plea of true to five of the seven allegations, the evidence
was sufficient to support revocation. Finally, counsel demonstrates that no abuse of
discretion occurred in assessing punishment within the statutory range. (2)

 Appellant's plea of true and stipulation of evidence to five allegations together with
testimony that he evaded a police officer after his 10:00 p.m. curfew support the judgment
revoking community supervision. We conclude the trial court did not abuse its discretion.

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that
the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State,
477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
2. In support of his arguments, counsel relies, among other authorities, on Cobb v.
State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993), Rice v. State, 801 S.W.2d 16, 17
(Tex.App.-Fort Worth 1990, pet. ref'd), Moses v. State, 590 S.W.2d 469, 470 (Tex.Cr.App.
1979), and Nunez v. State, 565 S.W.2d 536, 538 (Tex.Cr.App. 1978).