Affirmed and Memorandum Opinion filed July 13, 2004









Affirmed and Memorandum Opinion filed July 13, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00459-CR

____________

 

DEWIGHT
CHRISTOPHER MOORE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 351st
District Court

Harris County, Texas

Trial Court Cause No. 908,121

 



 

M E M O R A N D U M  O P I N I O N

A jury found appellant Dewight Christopher
Moore guilty of aggravated robbery.  See
Tex. Pen. Code Ann.' 29.03 (Vernon
2003).  Appellant pleaded true to two
enhancement paragraphs, the jury assessed punishment at sixty years= confinement, and
the court sentenced appellant accordingly. 
In two issues, appellant contends the evidence was legally and factually
insufficient to support his conviction. 
We affirm.








FACTUAL BACKGROUND

On the morning of March 10, 2002, two men
dressed in black entered the E-Z pawnshop. 
Three employees were in the store: 
Brian Boss, Tiffonie Ary, and the manager Sanjuanita Rodriguez.  According to the testimony of Rodriguez,
appellant took out his gun and demanded to know how many people were inside the
store.  Appellant then called to Boss,
who was outside of the store, and forced him to lie on the floor.  Appellant took the jewelry from a display
case and the money from the register.  He
then grabbed Rodriguez and, holding a gun to her back, demanded to be taken to
the safe.

Ary was in the back room watching a
training video when appellant and Rodriguez entered.  Under the impression this was part of her
training, Ary smiled at the appellant and Rodriguez.  Ary testified appellant then pointed the gun
at her and ordered her to get on the ground. 
While holding a gun to Rodriguez=s head, appellant
forced Rodriguez to open the safe.  The
safe was equipped with a timer preventing it from opening until after three
minutes passed.  Inside the safe, the
money and jewelry contained hidden dye packs set to explode if taken from the
safe.  After Rodriguez opened the safe,
appellant took the money, jewelry and dye packs and then ordered her to lie on
the ground.

As the two men left the store, Elmo Weaver
pulled into the parking lot.  Weaver
watched the two men walk away from the pawnshop as the dye packs exploded.  After the explosion, one man threw an object,
and both men ran behind the store with the smoking bags.  Weaver looked inside the pawnshop and called
the police.  Before the police arrived, a
woman, later identified as Bobbie Stevenson, approached Weaver and gave him a
license plate number and a description of the vehicle the two men drove from
the pawnshop.  Using the license plate
number, the police learned appellant owned the vehicle.

After appellant was identified as the
owner of the vehicle, Officer Matties prepared a photo spread with appellant=s picture.  Although Rodriguez and Weaver did not
identify appellant, Ary made a positive identification of appellant as one of
the robbers.[1]








On April 9, 2002, police watched appellant
enter his vehicle and leave a motel. 
Three officers followed him and watched as he ran a stop sign.  The officers activated the siren and lights,
but appellant refused to pull over. 
After a lengthy chase, appellant ran into a tree.  He then started to flee on foot but was
finally caught.  Officers discovered a
mask with ink stains and a .32 caliber revolver in the vehicle.  A video lineup was conducted, and again Ary
positively identified appellant. 
Rodriguez also identified appellant from the video lineup.

At trial, appellant testified he was not
at the pawnshop on the day of the robbery and did not own a gun.  He further stated the truck at the pawnshop
was not his because his truck was not running that day.  Appellant explained that on the day of his
arrest, he was not running from the police, but was only trying to get to an
area with witnesses. 

Appellant called two witnesses to testify
his truck was not operative on the day of the robbery:  Joseph Sweed, appellant=s friend, and
James Trent, appellant=s friend and mechanic.  Both testified appellant=s truck was not
operating on the day of the robbery because of transmission problems.

ISSUES
ONE AND TWO: LEGAL AND FACTUAL SUFFICIENCY OF THE EVIDENCE

 

In two issues, appellant challenges the
legal and factual sufficiency of the evidence. 
He does not argue there was insufficient evidence for the jury to find
an aggravated robbery occurred; instead, appellant challenges the sufficiency
of the evidence supporting the element of his identity as a perpetrator.  Specifically, he argues Rodriguez=s and Ary=s identifications
of him were not Acredible,@ and his identity
as the perpetrator was not supported by any other evidence.[2]








 There is no question the State is required to
prove beyond a reasonable doubt the accused is the person who committed the
crime charged.  Roberson v. State,
16 S.W.3d 156, 167 (Tex. App.CAustin 2000, pet.
ref=d) (citing Johnson
v. State, 673 S.W.2d 190, 196 (Tex. Crim. App.1984);  Rice v. State, 801 S.W.2d 16, 17 (Tex.
App.C Fort Worth 1990,
pet. ref=d)).  Identity however, may be proved by direct or
circumstantial evidence.  Roberson, 16
S.W.3d at 167. 

When reviewing the legal sufficiency of
the evidence, this court must view the evidence in the light most favorable to
the prosecution and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789 (1979); Garrett v. State, 851 S.W.2d 853, 857
(Tex. Crim. App. 1993). This standard of review applies to cases involving both
direct and circumstantial evidence.  King v. State, 895 S.W.2d 701, 703 (Tex.
Crim. App. 1995).

When a defendant challenges the factual
sufficiency of the elements of an offense, the correct standard we must follow
requires us to determine whether (1) the evidence supporting the verdict,
considered by itself, is too weak to support the finding of guilt beyond a
reasonable doubt or (2) contrary evidence, if 
present, is strong enough that the beyond-a-reasonable-doubt standard
could not have been met.  Zuniga v.
State, No. 539-02, 2004 WL 840786, at *7 (Tex. Crim. App. Apr. 21, 2004); see
Zuliani v. State, 97 S.W.3d 589, 593B94 (Tex. Crim.
App. 2003); Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000).  In reviewing factual sufficiency,
we look to the entire record and give appropriate deference to the jury
findings in order to prevent intruding on the fact finder=s role as the sole
judge of the weight and credibility of the evidence.  Johnson, 23 S.W.3d at 7.  The verdict should be set aside only in order
to prevent a clearly wrong and unjust result. 
See Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996).

Viewed in the
light most favorable to the prosecution, the following evidence establishes
appellant was the person who committed the aggravated robbery at the pawnshop:

$                  
Ary identified appellant as one of the robbers from a
photographic spread;

$                  
Both Ary and Rodriguez identified appellant from a
videotaped lineup;








$                  
Both Ary and Rodriguez identified appellant at trial;

$                  
Ary testified she looked at appellant Agood enough to
recognize him,@ and never equivocated in her
identification of appellant as the robber who threw her to the floor;

$                  
A vehicle registered to appellant was seen leaving the
scene of the robbery;

$                  
Appellant fled from police when they attempted to stop him
for a traffic violation approximately one month later; and

$                  
When the police apprehended appellant, they found in his
vehicle a mask, which appeared to have Asome kind of ink
impressions,@ 
and a .32 caliber gun.

In addition, the
jury was able to view surveillance video recordings  taken at the time of the robbery.  The video recordings contained images of the
robbers, which the jury could compare with appellant=s appearance at
trial.  The video recordings also
contained an image of the weapon, which the jury could compare with the weapon
found in appellant=s vehicle.

We conclude a
rational jury could have found appellant committed the aggravated robbery at
the E-Z pawnshop.  The evidence is
legally sufficient to support the jury=s verdict.

Looking to the
entire record, we consider the following weaknesses in the State=s proof and the
contrary proof offered by appellant:

$                  
Rodriguez and Weaver failed to identify the appellant in
the original photographic spread;

$                  
The police were unable to recover any latent fingerprints
from the robbery scene;

$                  
Appellant testified he did not flee from the police, but
was attempting to get to a public area with witnesses;

$                  
Appellant testified his vehicle was not operating the day
of the robbery, and he did not own a weapon;








$                  
Sweed, appellant=s friend,
testified he had appellant=s transmission
from February 15, 2002 until March 27, 2002;[3]

$                  
Trent, appellant=s friend and
mechanic, testified he took the transmission out of appellant=s vehicle on March
27, and the transmission had been stored at an apartment for about 60 days
before Trent worked on it; and 

$                  
Bhagwad Morar, manager of the Sierra Motel, testified
appellant was a guest in the motel March 9 and 10, appellant checked out
sometime after 11:00 March 10, and Morar did not remember seeing appellant
leave between the time he checked in and checked out.

At most, the
preceding evidence relates to the credibility of the State=s witnesses and
the weight to give the State=s evidence.  See Johnson, 23 S.W.3d at 7.[4]  The jury is the sole fact finder and we give
deference to their determination of weight and credibility of the evidence
because their determination turns on an evaluation of credibility and demeanor.
Id., Cain v. State, 958 S.W.2d 404, 408B09 (Tex. Crim.
App. 1997).  A decision is not manifestly
unjust merely because the jury resolved the conflicting views of evidence in
favor of the State.  Cain, 958
S.W.2d at 410.

Having reviewed
all the evidence in a neutral light, we conclude the evidence supporting the
verdict, considered by itself, is not too weak to support the finding of guilt
beyond a reasonable doubt and any contrary evidence is not strong enough to
defeat the beyond-a-reasonable-doubt standard. 
See Zuniga v. State, No. 539-02, 2004 WL 840786, at *7 (Tex.
Crim. App. Apr. 21, 2004); Zuliani, 97 S.W.3d at 593B94; Johnson,
23 S.W.3d at 11.  The evidence is
factually sufficient to support the jury=s verdict.








We observe the
evidence compares more than favorably with that found to have been legally and
factually sufficient in Santos v. State, 116 S.W.3d 447 (Tex. App.CHouston [14th Dist.]
2003, pet. ref=d). 
In Santos, the evidence showed the defendant matched the
description of three eyewitnesses; two eyewitnesses made positive
identifications of the appellant; and the police recovered a gun from appellant=s car and cellular
phone from appellant=s apartmentCobjects which
matched the description provided by one eyewitness.  Id. at 458B59.  In arguing the evidence was legally and
factually insufficient, Santos pointed to contrary evidence that one eyewitness
was unsure of the identification he made; no fingerprints linked Santos to the
crime; one witness could not identify the appellant; and the appellant
testified he did not commit the crime.  Id.
at 456, 458B59.

As in Santos,
the evidence in the present case is legally and factually sufficient to support
appellant=s conviction.  Accordingly, we overrule appellant=s issues one and
two.

CONCLUSION

Having overruled
appellant=s two issues, we affirm the trial court=s judgment.

 

 

 

/s/      John S.
Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed July 13, 2004.

Panel consists of
Justices Yates, Anderson, and Hudson.

Do Not Publish C Tex. R. App. P. 47.2(b).

 











[1]  Weaver
identified two photographs, neither of which was appellant=s.





[2]  Appellant
filed a pro se motion to suppress evidence. 
He did not, however, specifically ask to suppress any pre-trial or
in-court identifications.  The trial
court orally denied his motion, and this ruling is not at issue on appeal.





[3]  Sweed=s testimony is inconsistent regarding the dates he had
the transmission for appellant=s truck. 
Although Sweed consistently stated he received it February 15, he
initially stated he had it Aabout 15 days, somewhere close to the end of the month
of March.@  He then clarified
he had it until March 27.





[4]  The State
impeached appellant=s credibility and that of Sweed and Trent with their
prior felony convictions.