Affirmed and Memorandum Opinion filed August 12, 2004









Affirmed and Memorandum Opinion filed August 12, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00481-CR

____________

 

CHIPPY
MAXWELL, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

_____________________________________________________

 

On Appeal from the 212th District Court

Galveston County, Texas

Trial Court Cause No. 01CR2382

_____________________________________________________

 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant of the
offense of aggravated robbery.  The trial
court found the enhancement paragraph to be true and sentenced appellant to
twenty-five years=
confinement.  In three issues, appellant
challenges the legal and factual sufficiency of the evidence and the trial
court=s entry
of an affirmative finding of the use or exhibition of a deadly weapon without
the submission of a special issue.  We
affirm.








I.  Factual Background

On the morning of September 12,
2001, as Harold Wayne Ellison was preparing to leave his home, he placed two
bags containing jewelry and watches in the trunk of his vehicle.  A gray Buick, which displayed South Carolina
license plates, approached Ellison=s home
and a man exited the vehicle brandishing a gun. 
The man pointed the gun to Ellison=s head
and instructed him to open the trunk. 
Ellison complied and a second man, also carrying a gun, grabbed the
bags.[1]  After the first man demanded money from
Ellison to no avail, he pushed Ellison to the ground.  Both men then entered the backseat of the
Buick and sped away.[2]  Ellison began to pursue the men in his
vehicle, while his wife contacted the League City Police Department (ALCPD@).  Officer Bryce Smith with the LCPD, joined the
pursuit and followed the Buick, which was occupied by four African American
males: appellant, Bennie Nolley, Terrell Parker, and an unidentified man.  Officer Smith observed one of the passengers
on the right side of the Buick toss a Colt 45 automatic weapon out of the
vehicle=s
window.  The pursuit continued until the
driver ultimately lost control of the Buick and struck a tree.  After the collision, the four men exited the
vehicle and ran in different directions.[3]   








LCPD Sergeant Kramm testified
after he joined the pursuit, he heard over the dispatch that a gun had been
thrown out a passenger window in the Buick. 
He then saw a gun on a road in the vicinity of the pursuit and picked it
up.  After Kramm heard the broadcast of
the Buick=s collision with the tree, he saw
a black male who fit the description of one of the suspects, running down the
road.  Kramm apprehended the suspect and
later identified him as Nolley.

Detectives Pena and Effington,
also with the LCPD, became involved after receiving a call at police
headquarters indicating the suspects were fleeing.  Pena and Effington approached the area of the
pursuit in an unmarked vehicle and observed a stocky, black maleClater
identified as appellantCrunning.  Pena and Effington momentarily lost sight of
appellant, but then saw him driving a van. 
Nelson Flores, the van=s owner,
was chasing the van and holding on to the door frame, but eventually fell.  The detectives followed the van until
appellant exited the van and started running into the backyard of a home.  Effington and Pena tackled appellant and arrested
him for unauthorized use of a motor vehicle.[4]  After all of the arrests were completed,
Ellison went to the LCPD to make identifications.[5]  At that time, Ellison identified Nolley and
Parker as the two males who had robbed him. 
At trial, however, Ellison identified appellant and Parker as his
assailants.[6]








Sergeant William MacDonald, with
the Galveston County Sheriff=s Office
Identification Division, testified that he took photographs and processed the
vehicle driven by Ellison, as well as the Buick driven by the suspects.  He stated that two bags containing jewelry
and wristwatches were found in the Buick. 
Although thirty-four prints were obtained from the interior and exterior
of the Buick, none of the prints matched those of appellant, Parker, or
Nolley.  The detectives also obtained a
print from the clip of the Colt pistol that had been recovered, and Sergeant
MacDonald testified that the print was too small to compare to others. 

Sergeant Burrows investigated the
Buick=s
ownership and discovered that the vehicle was owned by National Rental
Car.  The Buick had been rented to Nolley
and was not registered under the South Carolina license plates.  

II.  Discussion

A.  Issues One and Two: Legal and Factual
Sufficiency

1. 
Standards of Review

In appellant=s first
and second issues, he challenges the legal and factual sufficiency of the
evidence.  In reviewing the legal
sufficiency of the evidence, this court examines all of the evidence in the light
most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307, 318B19 (1979).  In determining whether the evidence is
sufficient to convict, we must examine the totality of the circumstances.  Vodochodsky v. State, No. 74129,  2004 WL 840121, at *5 (Tex. Crim. App. Apr.
21, 2004); see Denton v. State, 911 S.W.2d 388, 389B90 (Tex.
Crim. App. 1995).  The jury is the
exclusive judge of the credibility of witnesses and of the weight to be given
testimony.  Wesbrook v. State, 29
S.W.3d 103, 111 (Tex. Crim. App. 2000). 
The jury is also solely responsible for reconciling conflicts in the
evidence.  Id.  When faced with conflicting evidence, we
presume the trier of fact resolved conflicts in favor of the prevailing
party.  Herrero v. State, 124
S.W.3d 827, 832 (Tex. App.CHouston
[14th Dist.] 2003, no pet.).  Therefore,
if any rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt, we must affirm.  Id. 
The question is not whether a rational jury could have entertained a
reasonable doubt of guilt, but whether it necessarily would have done so.  Swearingen v. State, 101 S.W.3d 89, 96
(Tex. Crim. App. 2003); Santos v. State, 116 S.W.3d 447, 456 (Tex. App.CHouston
[14th Dist.] 2003, no pet.).








In conducting a factual
sufficiency review, we view all of the evidence in a neutral light, without
favoring either party.  Johnson v.
State, 23 S.W.3d 1, 6B7 (Tex.
Crim. App. 2000).  We will set aside the
verdict only if (1) the evidence supporting the verdict, considered by itself,
is too weak to support the finding of guilt beyond a reasonable doubt, or (2)
contrary evidence, if present, is strong enough that the
beyond-a-reasonable-doubt standard could not have been met.  Zuniga v. State, No. 539-02, 2004 WL
840786, at *7 (Tex. Crim. App. Apr. 21, 2004); see Zuliani v. State, 97
S.W.3d 589, 593B94 (Tex.
Crim. App. 2003).  When reviewing the
evidence, we must give appropriate deference to the jury=s
findings in order to prevent intruding on the fact finder=s role as
the sole judge of the weight and credibility of the evidence.  Johnson, 23 S.W.3d at 7.  Therefore, unless the record clearly reveals
a different result is appropriate, we Amust
defer to the jury=s
determination concerning what weight to give contradictory testimonial evidence
because resolution often turns on an evaluation of credibility and demeanor.@  Id. at 8.

2. 
Nature of Offense and Law of Parties








A person commits robbery if, in
the course of committing a theft, he intentionally or knowingly places another
in imminent fear of bodily injury or death. 
See Tex. Pen. Code Ann.
'
29.02(a)(2) (Vernon 2003).  In order to
prevail on the charge of aggravated robbery, the State had to prove appellant
committed a robbery and used or exhibited a deadly weapon.  See id. '
29.03(a)(2).  A deadly weapon is anything
that, in the manner of its use or intended use, is capable of causing death or
serious bodily injury.  See id. '
1.07(a)(17)(B) (Vernon Supp. 2004). 
Under the law of parties, a person is criminally responsible for the
offense committed by another if, acting with intent to promote or assist the
commission of the offense, he solicits, encourages, directs, aids, or attempts
to aid the other person to commit the offense. 
See id. '
7.02(a)(2) (Vernon 2003).  Although the
mere presence at the scene of a crime is not alone sufficient to prove that a
person is a party to the offense, it is a circumstance that, when combined with
other facts, may suffice to show that the accused was a participant.  Barnes v. State, 62 S.W.3d 288, 297 (Tex.
App.CAustin
2001, pet ref=d).  The law of parties can apply to the offense
of aggravated robbery.  See Johnson v.
State, 32 S.W.3d 388, 393B94 (Tex.
App.CHouston
[14th Dist.] 2000, no pet.).

3. 
Appellant=s
Challenges to Legal and Factual Sufficiency

Appellant contends the evidence
was both legally and factually insufficient because  (1) no evidence was elicited from Ellison
that he was placed Ain fear
of imminent bodily injury and death@; (2) appellant did not rent the gray
Buick, and his fingerprints were not recovered from the interior or exterior of
the vehicle; (3) appellant=s fingerprints were not found on the firearm, or on the bags
stolen from Ellison; (4) no stolen property or weapons were found on appellant;
(5) testimony linking appellant to Parker or Nolley was not adduced; and (6) no
evidence proved that appellant was criminally responsible for Nolley=s and Parker=s conduct.  Only the first of these challenges relates to
evidence of an element of the offense of aggravated robbery; the remaining
challenges relate to evidence of appellant=s
involvement as a principal or a party to the offense.  We first set forth the evidence supporting
the element, then turn to the evidence supporting appellant=s
involvement.

a.  Challenge to Evidence Supporting Element of
the Offense  

Viewed in the light most
favorable to the prosecution, the following testimony establishes Ellison was
placed Ain fear
of imminent bodily injury or death@:[7]

[Prosecutor]: Mr. Ellison,
what was going through your mind when he had the gun to your head?

[Ellison]: I thought he
was going to pull the trigger.

[Prosecutor]: Were you in
fear for your life?

[Ellison]: Yes,
definitely.

[Prosecutor]: Were you in
fear he would do you harm?

[Ellison]: Yes.

[Prosecutor]: Were you in
fear of dying?

[Ellison]: Right. 

 








This evidence is legally
sufficient to establish Ellison was in fear of imminent bodily injury or
death.  See Patterson v. State,
639 S.W.2d 695, 696 (Tex. Crim. App. 1982) (holding evidence legally sufficient
when victim testified that she was in fear of imminent bodily injury from the
time defendant approached her at cash register until he exited out the front
door, victim thought defendant had a gun when he first approached her, and
victim testified she was threatened with physical harm when defendant told her
to quit stalling and that he did not want to have to hurt anybody).

b.  Challenge to Evidence Supporting Appellant=s
Involvement as Principal or Party 


The State is required to prove
beyond a reasonable doubt that the accused is the person who committed the
crime charged.  Roberson v. State,
16 S.W.3d 156, 167 (Tex. App.CAustin
2000, pet. ref=d) (citing Johnson v. State,
673 S.W.2d 190, 196 (Tex. Crim. App. 1984); 
Rice v. State, 801 S.W.2d 16, 17 (Tex. App.CFort
Worth 1990, pet. ref=d)).  The State, however, may prove identity by
direct or circumstantial evidence.  Id.


The court charged the jury that
appellant could be found guilty if the jury determined beyond a reasonable
doubt that appellant committed this crime, or was a party to the offense. See
Tex. Pen. Code Ann. ' 7.01
(Vernon 2003) (regarding parties to offenses). 
The court also charged the jury, under the law of parties, that if they
determined appellant knew of Nolley=s and
Parker=s intent
and acted with the intent to promote or assist them in the commission of the
offense by encouraging, directing, aiding, or attempting to aid them to commit
the robbery with a firearm, then appellant could be found guilty of aggravated
robbery.  See Tex. Pen. Code Ann. '
7.02(a)(2) (Vernon 2003).  Thus, by its
verdict, the jury either concluded that appellant was a principal actor in the
crime or determined appellant knew of Nolley=s and
Parker=s intent
and acted with the intent to promote or assist them in the commission of the
offense by encouraging, directing, aiding, or attempting to aid them to commit
the robbery with a firearm.








The following evidence, when
viewed in the light most favorable to the prosecution, establishes appellant
was the person who committed the aggravated robbery of Ellison:

$                  
At trial, Ellison identified appellant as one of the men who robbed him
at gunpoint;

$                  
Ellison never equivocated at trial in his identification of appellant
as the robber;

$                  
Appellant was observed running, not in a manner consistent with
jogging,  near the vicinity where the
Buick collided with the tree;

$                  
Appellant fled from the detectives when they attempted to stop him and
was tackled and arrested very shortly thereafter for unauthorized possession of
a vehicle;

$                  
Ellison testified that appellant and Parker robbed him and then drove
away in the Buick, which according to Sergeant Burrows, was rented from
National Car Rental by Nolley; and

$                  
The stolen property was found in the Buick.

 

We conclude a rational jury could
have found appellant committed the aggravated robbery of Ellison.  The evidence is legally sufficient to support
the jury=s
verdict.  We overrule appellant=s first
issue.  

Looking to the entire record, we
consider the following weaknesses in the State=s proof
and the contrary proof offered by appellant:

$                  
During his original identification of the robbers at the LCPD, Ellison
did not identify appellant as one of men who pointed the gun to his head and
robbed him;[8]

$                  
The police were unable to recover any 
fingerprints from the robbery scene that matched appellant=s fingerprints;

$                  
No jewelry or guns were located on appellant; and

$                  
Appellant stated to police he was in League City simply for the
purposes of stealing a car. 








At most,
the preceding evidence relates to the credibility of the State=s
witnesses and the weight to be given the State=s
evidence.  See Johnson, 23 S.W.3d at 7.  The jury is the sole fact finder and we give
deference to their determination of weight and credibility of the evidence
because their determination turns on an evaluation of credibility and demeanor.  Id.; Cain v. State, 958 S.W.2d
404, 408B09 (Tex.
Crim. App. 1997).  A decision is not
manifestly unjust merely because the jury resolved the conflicting views of
evidence in favor of the State.  Cain,
958 S.W.2d at 410.

Having
reviewed all the evidence in a neutral light, we conclude the evidence
supporting the verdict, considered by itself, is not too weak to support the
finding of guilt beyond a reasonable doubt and any contrary evidence is not
strong enough to defeat the beyond-a-reasonable-doubt standard.  See Zuniga, 2004 WL 840786, at *7; Zuliani,
97 S.W.3d at 593B94.  The evidence is factually sufficient to
support the jury=s
verdict.  We overrule appellant=s second
issue.  

B.  Affirmative Finding of the Use of Exhibition
of a Deadly Weapon








In
appellant=s third issue, he contends that
the trial court erred in entering an affirmative finding on the use or
exhibition of a deadly weapon.  Appellant
contends the trial court erred by including an instruction on the law of
parties in the jury charge without adding a special issue regarding appellant=s knowledge
of the use or exhibition of a deadly weapon during the commission of the
offense.  Appellant relies upon two cases
in which this court held that a trial court could not enter an affirmative
deadly weapon finding if the trial court charged the jury on the law of
parties, but did not submit a question asking whether the defendant knew a
deadly weapon would be used or exhibited. 
See Tate v. State, 939 S.W.2d 738, 753B54 (Tex.
App.CHouston
[14th Dist.] 1997, pet. ref=d)
(holding that, in order for an affirmative finding to stand on the law of
parties, there must be a specific finding that appellant knew a deadly weapon
would be used or exhibited); Pritchett v. State, 874 S.W.2d 168, 172
(Tex. App.CHouston [14th Dist.] 1994, no
pet.) (same).  However, we revisited this
matter in an en banc opinion that effectively overruled the Tate and Pritchett
decisions on this issue, holding that a trial court may enter a deadly weapon
finding if the jury, by its verdict, made the factual conclusion to support the
deadly weapon finding.  Sarmiento v.
State, 93 S.W.3d 566, 570 (Tex. App.CHouston
[14th Dist.] 2002, pet. ref=d) (en
banc).  

As in Sarmiento,
here the jury convicted appellant of aggravated robbery.  Id. at 567.  When an indictment specifically alleges, as
it does here, that the defendant used or exhibited a deadly weapon in the
commission of the offense, and the jury finds the defendant guilty as charged
or alleged in the indictment, then the jury has necessarily made a de facto finding
that the defendant used or exhibited a deadly weapon in the commission of an
offense.  See Polk v. State, 693
S.W.2d 391, 393, 396 (Tex. Crim. App. 1985); Sarmiento, 93 S.W.3d at
569.  The jury through its verdict, found
that appellant used or knew that a deadly weapon would be used, when committing
the crime against Ellison.  The trial
court, therefore, did not err when it entered an affirmative deadly weapon
finding in the judgment.  Accordingly, we
overrule appellant=s third
issue.

For the
foregoing reasons, we affirm the judgment of the trial court. 

 

/s/        Eva M. Guzman

Justice

 

Judgment
rendered and Memorandum Opinion filed August 12, 2004.

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman.

Do Not
Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  Sergeant Randy
Burrows with the Galveston County Sheriff=s Office
testified that after the robbery, Ellison reported seeing one firearm only. 





[2]  Ellison
testified that two other people were in the vehicle with the men who robbed
him.  Ellison=s descriptions of the men were vague.  He stated that one of the men was comparable
to his height, maybe shorter, and one had long hair.  One of them had a multi-colored shirt, which
was open with a white t-shirt underneath it.  In his statement to police, Ellison stated
that he did not get a good look at the person pointing the gun at him.  He described the other black male who took
the bags as wearing a white t-shirt and a yellow and gold multi-colored
Hawaiian type shirt, unbuttoned, and having dreadlocks in his hair.  





[3]  Nolley,
Parker, and appellant were arrested in three different locations and in
opposite directions from the place where the Buick crashed.  The record reflects that the fourth person in
the Buick was not apprehended.  Terrell
Parker, upon his arrest, first identified himself to the officers as Terrell
Livingston.  For the purposes of this
opinion, we will refer to him as Terrell Parker. 





[4]  After
appellant was arrested, Detective Pena asked him routine questions, such as
where he was from and his reason for being in League City.  Appellant responded that he had traveled to
League City to steal a vehicle.  Flores
identified appellant as the man who had stolen his van. 





[5]  Ellison
identified the individuals that same day, September 12, 2001, at 2:51 p.m., in
the afternoon. 





[6]   The record
reflects that appellant=s counsel filed a motion to suppress the
identification and read it into the record outside the presence of the
jury.  The trial court denied the motion,
stating Ait=s a question for the jury.@  Appellant does
not complain about the court=s denial of the motion to suppress on appeal.  





[7]  See Tex.
Pen. Code Ann. ' 20.02(a)(2) (Vernon 2003).





[8]  The record reflects there was a
change in appellant=s 
appearance from the time of the robbery and the time Ellison identified
his assailants.  Specifically, appellant
changed shirts and his hairstyle.