NO. 07-05-0101-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 22, 2005

_____


DERRICK HEADS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B14447-0205; HONORABLE ED SELF, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Pursuant to a plea bargain, appellant Derrick Heads was convicted of possession with intent to deliver cocaine. Imposition of a ten year sentence and a $3,000 fine was suspended for ten years. Following a hearing on the State's first motion to revoke community supervision, the trial court continued appellant on community supervision with

modified terms and conditions. A second motion to revoke was filed by which the State alleged appellant had violated seven conditions of community supervision. Following a hearing on the motion, the trial court revoked community supervision and imposed the original sentence. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has diligently reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* response if he desired to do so. Appellant did not file a response. Neither did the State favor us with a brief.

At the hearing on the motion to revoke, appellant plead true and signed a stipulation of evidence to five of the seven violations alleged by the State. He plead not true to the

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

remaining two by which the State alleged he had evaded a police officer and violated his 10:00 p.m. curfew.

The State presented testimony from a patrol officer who stopped appellant at approximately 11:30 p.m. for a traffic violation that resulted in a charge of evading arrest. The officer testified that appellant did not comply with her instructions to remain in the vehicle and instead walked around the vehicle. A foot pursuit ensued. Despite several requests to stop, appellant walked around a residence and she was unable to catch up with him. She later identified him from mug shots. Appellant and his mother testified he was not the person who fled from the patrol officer and suggested it was a case of mistaken identity.

Appellant's community supervision officer testified to some violations of the conditions of community supervision, and appellant testified to using marihuana. Following presentation of all testimony, the trial court found appellant violated the terms of community supervision as alleged by the State and revoked community supervision.

When reviewing an order revoking community supervision, the sole question before this Court is whether the trial court abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). In a revocation proceeding the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion to revoke. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). If the State fails to meet

3

its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. Jones v. State, 589 S.W.2d 419, 421 (Tex.Cr.App. 1979). When more than one violation of the conditions of community supervision is found by the trial court, the revocation order shall be affirmed if one sufficient ground supports the court's order. Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980); Jones v. State, 571 S.W.2d 191, 193 (Tex.Cr.App. 1978); McCollum v. State, 784 S.W.2d 702, 704-05 (Tex.App.--Houston [14th Dist.] 1990, pet. ref'd). Additionally, a plea of true standing alone is sufficient to support the trial court's revocation order. Moses v. State, 590 S.W.2d 469, 470 (Tex.Cr.App. 1979).

Counsel advances three arguable issues, to-wit: (1) the State failed to prove appellant's identity during the revocation proceeding, (2) the evidence was legally and factually insufficient to support the judgment revoking community supervision, and (3) the punishment assessed was cruel and unusual and in violation of appellant's constitutional rights. Counsel concedes that appellant waived error, if any, on proof of identity. He also points out that given appellant's plea of true to five of the seven allegations, the evidence was sufficient to support revocation. Finally, counsel demonstrates that no abuse of discretion occurred in assessing punishment within the statutory range.[2]

---

[2]In support of his arguments, counsel relies, among other authorities, on Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993), Rice v. State, 801 S.W.2d 16, 17 (Tex.App.–Fort Worth 1990, pet. ref'd), Moses v. State, 590 S.W.2d 469, 470 (Tex.Cr.App. 1979), and Nunez v. State, 565 S.W.2d 536, 538 (Tex.Cr.App. 1978).

Appellant's plea of true and stipulation of evidence to five allegations together with testimony that he evaded a police officer after his 10:00 p.m. curfew support the judgment revoking community supervision. We conclude the trial court did not abuse its discretion.

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.