

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00259-CR

---

MELISSA ALMAGUER                                          APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. F-2012-1538-C

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

In four points, Appellant Melissa Almaguer appeals a two-year sentence imposed after the trial court adjudicated her guilty of violating conditions of her deferred adjudication community supervision.  We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II.  Background

On January 16, 2013, Almaguer pleaded guilty to possession of less than one gram of a controlled substance with the intent to deliver.  Following this plea, the trial court placed her on three years' deferred adjudication community supervision and imposed a $1000 fine.  Almaguer acknowledged the terms of her probation and signed the order deferring adjudication.

On February 19, 2014, the State filed a motion to adjudicate guilt alleging six violations:  that Almaguer (1) committed a new offense, (2) failed to complete her community service, (3) failed to complete a drug/alcohol evaluation within the required time frame, (4)  failed to complete the drug education program, (5) failed to pay the laboratory fee, and (6) failed to complete a life skills course.  After a hearing on the merits, the trial court found all of the allegations true, adjudicated Almaguer guilty, revoked her probation, and assessed punishment at two years' confinement in the Texas Department of Criminal Justice.

## III.  Standard of Review

Appellate review of the decision to adjudicate guilt is "in the same manner" as review of the revocation of community supervision.  Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2014).  To prevail in a hearing on a motion to revoke community supervision, the State must prove that the defendant violated a condition of community supervision as alleged in the petition.  *Lopez v. State*, 46 S.W.3d 476, 481 (Tex. App.—Fort Worth 2001, pet. ref'd).  Proving any *one* of the alleged violations of the conditions of community supervision is sufficient to

2

support a revocation order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). The State's burden of proof in a revocation proceeding is by a preponderance of the evidence. *Lopez*, 46 S.W.3d at 481–82. Appellate review of an order revoking community supervision is limited to a determination of whether the trial court abused its discretion. *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983).

## IV. Discussion

In her first point, Almaguer argues that the trial court erred by refusing to grant a directed verdict after the State's case-in-chief. In her second and third points, she asserts that the evidence is insufficient to support the punishment and that the trial court failed to consider the entire range of punishment. In her final point, Almaguer argues that the trial court erred by denying her the right to present closing argument.

### A. Directed Verdict

Almaguer asserts that the trial court erred in denying the directed verdict because the State failed to present any evidence that she is the same person as the defendant in the new offense and furthermore that she is the same "Melissa Almaguer" who had been placed on probation.

The burden of proving a probationer's identity in a revocation hearing is not the same as the burden of proving the identity of an accused in a criminal trial. *See Rice v. State*, 801 S.W.2d 16, 17 (Tex. App.—Fort Worth 1990, pet. ref'd).

3

In a probation revocation, the State need only prove its case by a preponderance of the evidence. *Id.*

At the revocation hearing, the trial court first took judicial notice of its record. Afterward, Denton County Probation Officer Lance Washburn testified to the cause number of the case, his familiarity with Almaguer, the crime for which she received probation, when she was placed on probation, how long she was to be on probation, and the details of her transfer to Tarrant County. In addition, the trial judge presiding over the revocation was the same judge who had placed Almaguer on probation in 2013, and the attorney representing Almaguer at the revocation hearing was the same attorney that represented her when she was placed on probation. *See Barrow v. State*, 505 S.W.2d 808, 810–11 (Tex. Crim. App. 1974) (holding that witness testimony identifying the defendant was not necessary when the same judge who granted appellant's probation also revoked it, and the attorney representing appellant at the revocation had the same name as the attorney representing appellant when the court granted probation). Given these facts, we hold that the trial court had sufficient evidence to believe that the "Melissa Almaguer" at the revocation hearing was the same person placed on probation in 2013.

To prove the violations alleged in the petition, Officer Washburn testified that Almaguer violated each of the conditions as alleged in the petition. The State also introduced into evidence a judgment and sentence of the new offense

4

committed by "Melissa Almaguer" in Tarrant County while Almaguer was on probation.

Because at the time of the motion for the directed verdict Almaguer was sufficiently identified and because any one of the violations would have been sufficient to support an order to revoke, the trial court did not err by denying the directed verdict nor did it abuse its discretion in adjudicating Almaguer's guilt. *See Rice*, 801 S.W.2d at 17 (holding that the State satisfies its burden of proof in a revocation hearing when "the greater weight of the credible evidence before the court creates a reasonable belief that a condition of probation has been violated"). We overrule her first point.

## B. Punishment Complaints

In her second and third points, Almaguer asserts that the trial court abused its discretion by assessing the maximum punishment of two years' confinement and by refusing to consider the entire range of punishment.

Generally, an appellant may not complain about her sentence for the first time on appeal. *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); *Means v. State*, 347 S.W.3d 873, 874 (Tex. App.—Fort Worth 2011, no pet.) ("Because Appellant did not object to his sentences when they were imposed or present his motions for new trial to the trial court, he failed to preserve his sentencing complaints for appellate review."); *Laboriel-Guity v. State*, 336 S.W.3d 754, 756 (Tex. App.—Fort Worth 2011, pet. ref'd). Here, Almaguer did not complain about her

sentence in the trial court. When the trial court asked if there was any legal reason why it should not sentence Almaguer, defense counsel said there was not. Because Almaguer did not raise these issues with the trial court, she has not preserved these complaints for our review. *See* Tex. R. App. P. 33.1(a); *see also Woodward v. State*, No. 02-13-00519-CR, 2014 WL 6601936, at * 1 (Tex. App.—Fort Worth Nov. 20, 2014, no pet. h.) (mem. op., not designated for publication) (holding that in a revocation hearing "[a]ppellant forfeited his sentencing complaint by not raising it on allocution or in his motion for new trial"). We overrule her second and third points.

## C. Closing Arguments

In her final point, Almaguer argues that the trial court erred by refusing to permit her counsel to present a closing argument.

The following exchange took place between the trial court and counsel in this case:

[Defense Counsel]: The Defense rests, Your Honor.

The Court: Anything from the State?

[Prosecutor]: Close.

The Court: I'll close the testimony. I'm going to sentence the Defendant to two years confinement in the state jail. Any reason the Defendant should not be sentenced at this time?

[Prosecutor]: No, Your Honor.

The Court: Any legal reason, Counsel?

[Defense Counsel]: No argument, Your Honor?

6

The Court:  I don't feel like I need any argument.

[Defense Counsel]:  Okay

The Court:  Any legal reason the Defendant should not be sentenced?

[Defense Counsel]:  No legal reason, Your Honor.

Almaguer's counsel only asked if there would be any closing arguments; he did not specifically request to make a closing argument.  And Almaguer acquiesced in the trial court's decision to not hear closing arguments by replying, "Okay" when the trial court said no arguments were needed.  Thus, Almaguer has not preserved this issue for our review.  *See* Tex. R. App. P. 33.1(a); *see also Collum v. State*, Nos. 02-13-00395-CR, 02-13-00396-CR, 2014 WL 4243700, at *1–2 (Tex. App.—Fort Worth Aug. 28, 2014, no pet.) (mem. op., not designated for publication) (holding that because appellant did not object to the trial court's refusal to allow appellant to make a closing argument, she did not preserve error for review).  We overrule her final point.

## V.  Conclusion

Having overruled Almaguer's four points, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

7

DELIVERED:  February 26, 2015