Howard Lewis PATTERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 61636.

Court of Criminal Appeals of Texas, Panel No. 2.

April 14, 1982.

John Ellis, Dallas, for appellant.

Henry Wade, Dist. Atty., Karen Chilton Beverly, Reed Prospere and Jerry Muller, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and McCORMICK, JJ.

## OPINION

McCORMICK, Judge.

This is an appeal from a conviction for robbery. Punishment was assessed by a jury at eighteen years' imprisonment. Appellant challenges the sufficiency of the evidence.

On August 9, 1978, Sherry Callahan Ferguson was closing up the Pizza Inn she managed. At approximately 12:30 a. m., as Sherry, her fiancee and two waitresses were preparing to leave the restaurant, appellant entered the restaurant and said he needed to use the restroom. After using the restroom, appellant started toward the front door, but made a u-turn and went directly to the cash register. Sherry Ferguson testified that appellant leaned over the counter with his left arm and held his right arm across his waist. Appellant ordered Sherry Ferguson to open the safe. She led appellant to the office and tried to open the floor safe. When she had difficulty opening the safe, appellant told her to quit stalling and that he did not want to have to hurt anybody. Sherry Ferguson opened the safe and appellant reached in and grabbed a bag of money. He then backed out of the office holding the money bag in his left hand and a large, heavy upholstery staple gun which he had picked up in the office in his right hand. Appellant then walked out of the building. Sherry Ferguson testified that she was in fear of imminent bodily injury from the time appellant approached her at the cash register until he exited out

the front door. She further testified that she felt she was threatened with physical harm when appellant told her to quit stalling and he did not want to have to hurt anybody. Finally, she testified that when appellant initially approached her she thought he had a gun.

Darryl Ferguson, Sherry Ferguson's fiance at the time of the robbery, testified that he was at the Pizza Inn on the night of the robbery. He testified that he saw appellant walk into the Pizza Inn and proceed toward the men's room. Darryl Ferguson testified that as appellant was leaving the restroom area appellant turned and went toward Sherry at the cash register. Darryl Ferguson testified that after appellant approached Sherry at the cash register, Sherry looked like she was very frightened. Darryl Ferguson then saw Sherry and the appellant go back toward the office area. At that point, Darryl instructed the two waitresses to go call the police. Soon appellant returned from the office carrying the money bag in his left hand and the upholstery stapler in his right hand. Appellant exited via the front door. Both Sherry Ferguson and Darryl Ferguson positively identified appellant as the robber.

■ In appellant's first ground of error, he alleges that the evidence is insufficient to show that appellant did "then and there knowingly or intentionally threaten or place the said Sherry Callahan Ferguson in fear of imminent bodily injury." In passing on the sufficiency of the evidence, it must be viewed in the light most favorable to the verdict. *Edwards v. State*, 561 S.W.2d 834 (Tex.Cr.App.1977). In construing the evidence in the light most favorable to the verdict, we find that Sherry Callahan Ferguson testified that she was in fear of imminent bodily injury from the time appellant approached her at the cash register until he exited out the front door. Sherry Ferguson thought the appellant had a gun when he first approached her. In addition, she testified she was threatened with physical harm when appellant told her to quit stalling and that he did not want to have to hurt anybody. We find that the evidence is

sufficient to support the conviction. *Green v. State,* 567 S.W.2d 211 (Tex.Cr.App.1978). Appellant's first ground of error is overruled.

■ In his second ground of error, appellant contends the trial court erred in denying his motion to dismiss. Prior to trial, appellant submitted a motion to dismiss because of the State's failure to comply with the Speedy Trial Act.

Article 32A.02, V.A.C.C.P., provides in pertinent part:

"Sec. 1. A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within:

"(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony;

"Sec. 2. (a) ... a criminal action commences for purposes of this article when an indictment, information, or complaint against the defendant is filed in court, unless prior to the filing the defendant is either detained in custody or released on bail or personal bond to answer for the same offense or any other offense arising out of the same transaction, in which event the criminal action commences when he is arrested."

In the case at bar, it is undisputed that, for purposes of this appellant, the criminal action commenced on August 12, 1978, the date of his arrest.

In *Barbee v. State,* 432 S.W.2d 78 (Tex.Cr.App.1968), this Court held that computation of times provided in the Code of Criminal Procedure was controlled by the provisions of Section 2.04 of Article 5429b–2, V.A.C.S. (Code Construction Act), which provides:

"(a) In computing a period of days, the first day is excluded and the last day is included.

"(b) If the last day of any period is a Saturday, Sunday, or legal holiday, the period is extended to include the next day which is not a Saturday, Sunday, or legal holiday."

Thus, in computing the 120 days within which the State was required to be ready for trial, we must begin counting on August 13, 1978. Therefore, the 120th day was December 10, 1978, which was a Sunday. Under the provisions of the Code Construction Act set forth above, if the State announced ready on the following Monday, December 11, 1978, then such announcement was timely and within the period of extension provided by law. Appellant's motion to dismiss, filed December 11, 1978, states that "there has been no announcement of ready by the State of Texas until Monday, December 11, 1978." This motion was denied on December 11, and trial began the next day. Thus, the State's announcement of ready was timely and the trial court properly denied appellant's motion to dismiss. Appellant's second ground of error is overruled.

Finding no reversible error, the judgment is affirmed.