11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Samuel Edward Jones

Appellant

Vs.                   No.
11-02-00105-CR -- Appeal from Collin County

State of Texas

Appellee

 

The jury
convicted Samuel Edward Jones of the offense of robbery.  The trial court found the enhancement
allegations to be true and assessed appellant=s punishment at confinement for 35 years.  We affirm.  

Appellant
presents two issues on appeal.  In the
first issue, he challenges the legal sufficiency of the evidence.  In the second issue, he challenges the
factual sufficiency of the evidence. 
Specifically, appellant contends that the evidence is insufficient to
show that he threatened the complainant or placed her in fear of imminent
bodily injury or death.  

In order
to determine if the evidence is legally sufficient, we must review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664
(Tex.Cr.App.2000).  In order to
determine if the evidence is factually sufficient, we must review all of the
evidence in a neutral light and determine whether the evidence supporting guilt
is so weak as to render the conviction clearly wrong and manifestly unjust or
whether the evidence supporting guilt, although adequate when taken alone, is
so greatly outweighed by the overwhelming weight of contrary evidence as to
render the conviction clearly wrong and manifestly unjust.  Vasquez v. State, 67 S.W.3d 229, 236
(Tex.Cr.App.2002); Goodman v. State, 66 S.W.3d 283 (Tex.Cr.App.2001); Johnson
v. State, 23 S.W.3d 1, 11 (Tex.Cr.App.2000); Cain v. State, 958 S.W.2d 404
(Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126 (Tex.Cr.App.1996).  








The record
shows that appellant entered the E-Z Stop convenience store shortly after 6
a.m. on June 25, 2001.  The complainant,
Crystal Nehl, had opened the store at about 5:30 a.m. and was alone in the
store when appellant entered.  Appellant
walked to the back of the store and looked in the stock room.  Appellant then walked up to the cash
register where the complainant was standing and told her that he was going to
make it easy for her and that he wanted all of the money from the cash
register.  The complainant testified that
appellant kept one hand in his right pocket, which scared the complainant.  She thought appellant had something in his
pocket, but she did not know what. 
Appellant told the complainant that, if she did not give him the money, Asomething=s going to happen to you.@  The complainant understood appellant=s statement to be a threat, so she opened the
register.  Appellant reached over and
took the money out of the register. 
Before leaving, appellant said, A[Y]ou can call the police or whatever, but I=ll be back.@  The complainant immediately
called 9-1-1.  She gave police officers
a description of the robber.  Later that
morning approximately 1.6 miles from the store, officers located and arrested a
man matching the robber=s description.  It was
appellant.  

Appellant
made a voluntary, written statement, which was admitted into evidence.  In his statement, appellant admitted that he
walked in the store, saw Athe lady all by her self,@ and told her he wanted all the money in the cash register.  Appellant stated that the complainant said Aok@ and handed him the money. 
Appellant said that he told her he Adidn=t want to hurt her or nothing.@  

We hold
that the evidence is both legally and factually sufficient to show that
appellant committed the offense of robbery by intentionally or knowingly
threatening or placing the complainant in fear of imminent bodily injury or
death.  See TEX. PENAL CODE ANN. ' 29.02 (Vernon 2003); Welch v. State, 880
S.W.2d 225 (Tex.App. - Austin 1994, no pet=n); see also Patterson v. State, 639 S.W.2d 695 (Tex.Cr.App.1982); Rose
v. State, 672 S.W.2d 639 (Tex.App. - Fort Worth 1984, pet=n ref=d).  Appellant=s issues are overruled.  

The
judgment of the trial court is affirmed. 


 

March 27, 2003                                                           W.
G. ARNOT, III

Do not publish.  See TEX.R.APP.P. 47.2(b).                CHIEF JUSTICE 

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.