Opinion issued December 30, 2004







     



In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00494-CR




ALBERT JAMES WASHINGTON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 923626




MEMORANDUM OPINION
          Appellant, Albert James Washington, was convicted by a jury of aggravated
robbery.


 After finding two enhancement paragraphs true, the jury assessed his
punishment at 30 years’ confinement. We conclude that appellant has raised no
arguable grounds for appeal, and we affirm his conviction.
          Appellant’s court-appointed counsel filed a brief in which she concluded that
the appeal is wholly frivolous and without merit. The brief meets the requirements
of Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967), in that it
comprises a complete evaluation of the record and addresses all possible grounds for
appeal. See High v. State, 573 S.W.2d 807, 811 (Tex. Crim. App. 1978); Moore v.
State, 845 S.W.2d 352, 353 (Tex. App.—Houston [1st Dist.] 1992, pet. ref’d).
          After an attorney files an Anders brief and the appellant is afforded an
opportunity to respond, the court of appeals conducts its own investigation of the
record to discover if there are arguable grounds for appeal. Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). 
          Appellant filed a pro se response in which he argues that (1) there was a fatal
variance between the allegations in the indictment and the proof presented at trial; (2)
the evidence was legally and factually insufficient to support his conviction for
aggravated assault because the evidence does not prove the complainant feared
imminent bodily injury or death; (3) the evidence is factually insufficient to establish
that appellant exhibited and used a deadly weapon as required for aggravated assault;
and (4) his trial counsel was ineffective. The State has filed a brief in which it
contends that these points of error are without merit. Based on our review of the
record, we agree with the State. 
Background
          The complainant, Jerrold Tipps, worked weekend nights at Kinfolks Bar-B-Q.
Kinfolks owns two mobile kitchen trailers that travel to different locations in North
Houston to sell barbecue to patrons entering and leaving clubs. 
          One Sunday morning in August 2002, the complainant and one of the owners
of Kinfolks, Felicia Edmondson, were closing down their trailer around 6 a.m. The
complainant was outside the trailer, turning off the generator, when appellant and
another man approached him, carrying guns. A third man entered the trailer where
Edmondson was cleaning. Appellant demanded that the complainant give him the
money from the business. When the complainant told appellant that he did not have
any money, appellant called him a liar and knocked him to the ground. While on the
ground, the complainant stared at appellant’s face. Appellant told the complainant
to look away, but the complainant refused. At this point, appellant started kicking the
complainant in the face and shoulder, resulting in bruises and a fractured collar bone. 
Eventually, appellant searched the complainant’s pockets and discovered that he was
carrying $700; appellant pocketed the money. 
          After discovering that the complainant did have money, appellant put his gun
to the complainant’s head. The complainant closed his eyes and waited for appellant
to pull the trigger. However, the other men and appellant, having gotten the money,
ran away. The complainant got up from the ground, retrieved one of the handguns
from the trailer, and chased after the robbers. The complainant shot at them, and the
robbers returned fire. After the complainant emptied his gun, he returned to the
trailer and retrieved another gun. The robbers ran down a residential street, jumped
over a fence, and entered a wooded area. The complainant never found appellant or
the other men. 
          The gun fight between the complainant and the robbers woke Marina Alcala. 
She looked out her window and saw a blue car parked on the street and two men
running across a yard. Alcala went outside her house and heard a woman scream that
she had been robbed. Alcala noticed that the car’s engine was running. Believing
that the car was probably the get-away car for the men, she grabbed the keys and
disabled the car’s tires. Police investigating the incident discovered inside the car a
credit card, a check, and an envelope—all bearing appellant’s name. The car was
later determined to be registered to appellant’s ex-wife. Police arrested appellant and
charged him with aggravated robbery.
Discussion
          Fear of Imminent Bodily Injury or Death
          In his second and third points of error, appellant contends the evidence is
legally and factually insufficient to support his conviction because the State did not
prove that the complainant feared imminent bodily injury or death as required to
prove aggravated robbery, the crime with which appellant was charged.
Legal Sufficiency
          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine whether any rational fact-finder could
have found the essential elements of the crime beyond a reasonable doubt. Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000); King v. State, 29 S.W.3d 556,
562 (Tex. Crim. App. 2000). Although our analysis considers all evidence presented
at trial, we may not re-weigh the evidence and substitute our judgment for that of the
fact-finder. King, 29 S.W.3d at 562. 
          A person commits robbery when, “in the course of committing theft . . . and
with intent to obtain or maintain control of the property, he: (1) intentionally,
knowingly, or recklessly causes bodily injury to another; or (2) intentionally or
knowingly threatens or places another in fear of imminent bodily injury or death.” 
Tex. Pen. Code Ann. § 29.02 (Vernon 2003). A conviction for aggravated robbery
requires that the State prove that the defendant committed a robbery and either
“caused serious bodily injury to another,” “uses or exhibits a deadly weapon,” or
“causes bodily injury to another person or threatens or places another person in fear
of imminent bodily injury or death, if the person is: . . . 65 years of age or older; or
. . . a disabled person.” Tex. Pen. Code Ann. § 29.03 (Vernon 2003). 
          Here, the complainant testified that appellant and another man approached him
carrying semi-automatic handguns. Appellant and the other man demanded the
complainant’s money, knocked him to the ground when he said he did not have any,
kicked his head repeatedly when he would not stop looking at appellant’s face,
searched his pockets, and took his keys and his money. The complainant further
testified that appellant got upset at him for lying about not having any money. When
appellant pointed a gun at his head, the complainant testified that he “just knew [he]
was going to pull the trigger because I know he was upset.” The State asked the
complainant if he was in fear of imminent bodily injury, and the complainant
answered affirmatively. The State asked if he was in fear of death at that point; the
complainant said, “Yes.” 
          Reviewing the evidence set forth above in the light most favorable to the
verdict, we conclude that the complainant’s testimony was legally sufficient for a
reasonable jury to infer beyond a reasonable doubt that he feared imminent bodily
injury and death, as required to prove aggravated assault. See Patterson v. State, 639
S.W.2d 695, 696 (Tex. Crim. App. 1982) (holding that complainant’s testimony that
she (1) believed appellant had a gun, (2) feared imminent bodily injury, and (3) felt
threatened with physical harm was sufficient to show fear of imminent bodily injury). 
          We conclude that appellant’s second point of error is without merit and
overrule it.
 
Factual Sufficiency 
          We begin the factual sufficiency review with the presumption that the evidence
supporting the jury’s verdict is legally sufficient. Clewis v. State, 922 S.W.2d 126,
134 (Tex. Crim. App. 1996). We view all of the evidence in a neutral light, and we
will set the verdict aside only if the evidence is so weak that the verdict is clearly
wrong and manifestly unjust, or the contrary evidence is so strong that the standard
of proof beyond a reasonable doubt could not have been met. Escamilla v. State, 143
S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144 S.W.3d 477,
481 (Tex. Crim. App. 2004)). Our evaluation may not intrude upon the fact finder’s
role as the sole judge of the weight and credibility accorded any witness’s testimony. 
Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). What weight to be given
contradictory testimonial evidence is within the sole province of the fact finder
because it turns on an evaluation of credibility and demeanor; the fact finder may
choose to believe all, some, or none of the testimony presented. Id. at 407–08. We
must defer appropriately to the fact finder to avoid substituting our judgment for its
judgment. Zuniga, 144 S.W.3d at 481–82. 
          Appellant argues that the complainant did not comply with his demands. The
complainant would not look away from appellant’s face when told to; he did not
surrender his money when told to; and, after appellant and his fellow robbers left the
crime scene, the complainant followed, exchanged gun fire, retrieved a second gun,
and continued to give chase. Appellant points to these actions as proof that the
complainant had no fear. The complainant testified that appellant kicked him
repeatedly, placed a gun to his head, and took his money and that he feared imminent
harm and death. Given its verdict the jury evidently believed that the compliant feared
imminent bodily injury or death. We will not substitute our judgment for that of the
fact finder. See Zuniga, 144 S.W.3d at 481–82. After examining all of the evidence
neutrally, we hold that the proof of guilt was not so obviously weak as to undermine
confidence in the jury’s determination; nor was the contrary evidence so strong that
the beyond-a-reasonable-doubt standard could not have been met. See Escamilla, 143
S.W.3d at 817.
          We conclude that appellant’s third point of error is without merit and overrule
it.
          Exhibition of Deadly Weapon
          In his fourth point of error, appellant argues that the evidence was factually
insufficient to show that he used or exhibited a deadly weapon in the course of the
robbery because neither a weapon nor bullet casings were found. 
          Proof that the defendant used a deadly weapon is an element of aggravated
robbery. See Tex. Pen. Code Ann. § 29.03(a)(2). The complainant testified that
appellant carried a gun, pressed a gun to his head, and eventually exchanged gun fire
with him. A deadly weapon, as defined by the Penal Code, includes a firearm. Tex.
Pen. Code Ann. § 1.07(a)(17)(A) (Vernon 2003). Neither the gun nor bullet casings
is required to prove that a firearm was used during the course of a robbery. See
Gomez v. State, 685 S.W.2d 333, 336 (Tex. Crim. App 1985) (holding that testimony
that appellant exhibited or used gun is sufficient to support deadly weapon finding).           We conclude that appellant’s fourth point of error is without merit and overrule
it.
          Variance
          In his first point of error, appellant contends there is a variance between the
indictment and the evidence presented at trial because the State did not prove that the
complainant feared imminent bodily injury or death as charged in the indictment;
instead, appellant argues that the complainant suffered actual bodily injury.
          A variance occurs when there is a discrepancy between the allegations charged
in an indictment and the proof presented at trial. Gollihar v. State, 46 S.W.3d 243,
246 (Tex. Crim. App. 2001). Generally, in such a case, the State has proved the
defendant guilty of a crime, but proved it in a manner different from the manner
charged in the indictment. Id. A variance will result in legal insufficiency of the
evidence only if it is both material and prejudicial to the defendant’s substantial
rights. Id. at 257. 
          The indictment in this case charged that appellant 
unlawfully, while in the course of committing theft of property owned
by [the complainant] and with intent to obtain and maintain control of
the property, intentionally and knowingly threaten[ed] and place[ed] [the
complainant] in fear of imminent bodily injury and death, and the
Defendant did then and there use and exhibit a deadly weapon, to-wit:
a firearm. 

          We have held that the evidence was legally and factually sufficient to prove
that appellant committed aggravated robbery by intentionally and knowingly
threatening the complainant and placing him in fear of imminent bodily injury or 
death and that he used a deadly weapon. We conclude that there was no variance
between the charge and the proof at trial. 
          We conclude that appellant’s first point of error is without merit and overrule
it.
          Ineffective Assistance of Counsel
          In his fifth point of error, appellant contends that his trial counsel was
ineffective because(1) he failed to request a jury instruction for the lesser included
offense of theft; (2) he “failed to have motions ruled upon”; (3) he failed to object to
evidence showing that the complainant was actually injured; (4) he did not introduce
cellular phone records; (5) he did not conduct an independent investigation; and (6)
he did not subpoena material witnesses.
          In reviewing an ineffective assistance of counsel claim, we evaluate the
effectiveness of counsel under the two-pronged test enunciated in Strickland v.
Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). See Hernandez v. State, 988
S.W.2d 770, 774 (Tex. Crim. App. 1999). First, the defendant must show that his
counsel’s representation fell below an objective standard of reasonableness. 
Strickland, 466 U.S. at 688, 104 S. Ct. at 2064. To prove this deficiency in
representation, the defendant must demonstrate that his counsel’s performance
deviated from prevailing professional norms. Id. 466 U.S. at 688, 104 S. Ct. at 2065;
McFarland v. State, 845 S.W.2d 824, 842–43 (Tex. Crim. App. 1992). Second, the
defendant must show prejudice. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. This
requires the defendant to show that there is a reasonable probability that, but for his
counsel’s unprofessional errors, the result of the proceeding would have been
different. Id. 466 U.S. at 694, 104 S. Ct. at 2068. A reasonable probability is a
probability sufficient to undermine confidence in the outcome. Id. 466 U.S. at 694,
104 S. Ct. at 2068. The failure to satisfy one prong of the Strickland test negates a
court’s need to consider the other. Id. 466 U.S. at 697, 104 S. Ct. at 2069. 
          An appellant bears the burden of proving by a preponderance of the evidence
that his counsel was ineffective. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim.
App. 1999). We cannot speculate beyond the record provided. Rather, a reviewing
court must presume that the actions were taken as part of a strategic plan for
representing the client. Young v. State, 991 S.W.2d 835, 837–38 (Tex. Crim. App.
1999). The appellant must overcome the presumption that his trial counsel’s strategy
was sound and affirmatively demonstrate the alleged ineffective assistance of counsel.
Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003); Thompson, 9 S.W.3d
at 814. 
          Appellant argues that his trial counsel should have objected when the State
introduced evidence that did not comport with the conduct alleged in the indictment. 
Specifically, trial counsel failed to make “critical trial objections” regarding the
introduction of evidence that showed the complainant suffered actual serious bodily
injury rather than that he was threatened and placed in fear of imminent bodily injury
or death. The contextual evidence admitted to prove appellant’s crime was clearly
admissible because it placed the offense in its proper setting so that the jury could
evaluate it. See Tex. R. Evid. 401, 402; Skillern v. State, 890 S.W.2d 849, 865 (Tex.
App.—Austin 1994, pet. ref’d). Therefore, this contention fails to support an
ineffective assistance claim.
          Additionally, appellant questions his trial counsel’s strategy on several
grounds. First, he contends that his trial counsel was ineffective for failing to obtain
rulings on pretrial motions regarding “the criminal records of the State’s witnesses,
production of prior written statements[,] motion for discovery of State’s witness
list,[and] motion for discovery of grand jury transcripts.” Appellant contends these
records would show that his attorney was not familiar with the facts of the case. 
          Second, appellant contends that his trial counsel should have presented cellular
telephone records. He argues that these records would have supported appellant’s
alibi, which was introduced by the testimony of Traci Mallory, appellant’s girlfriend,
that appellant had locked his keys in his car on the night of the robbery,


 and that
despite that fact, someone had stolen the car, and he had tried to locate it and report
it stolen. The records, he argues, would show the exact time he placed a call to
Mallory to pick him up because he had locked his own keys in the car. He also
contends the records would show that several calls were placed to the Houston Tow
Line and to the Houston Police Auto Theft Division in an attempt to locate his car and
to report it stolen. 
          Third, appellant contends that his trial counsel should have requested a lesser
included offense instruction. He argues that a conviction for theft of the complaint’s
money was a “rational alternative” to the charged offense because the evidence raised
doubts as to whether the complainant ever perceived fear and whether a firearm was
used, as required to prove aggravated robbery. 
          Fourth, appellant argues that his trial counsel failed to conduct an independent
investigation. He contends that an investigation would have discovered audio
recordings of Mallory speaking to an officer with the Houston Police Department. 
Appellant argues that the conversation between Mallory and the police officer would
have supported his stolen car defense by showing that he could not have used the car
to commit the crime with which he was charged. 
          Fifth, appellant argues that his trial counsel should have subpoenaed material
witnesses. He identifies a babysitter who was caring for his son on the night of the
incident, but does not provide her name or an address. Appellant argues that the
babysitter’s testimony would have established that he was not at the scene of the
crime because he was picking up his son. He also identifies Dawn Wiltz, his ex-wife
and the registered owner of his car. He contends that Wiltz’s testimony would have
clarified how the car was reported stolen and who reported the car stolen. 
          Appellate review of a trial counsel’s representation is highly deferential; we
presume that counsel’s actions fell within the wide range of professional and
reasonable assistance. Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002)
(citing Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); Tong v. State, 25
S.W.3d 707, 712 (Tex. Crim. App. 2000)). The record is silent as to appellant’s
counsel’s strategy. To find that appellant has met his burden of overcoming the
presumption that the challenged actions were sound trial strategy would, therefore,
call for us to speculate, which we will not do. See Jackson v. State, 877 S.W.2d 768,
771 (Tex. Crim. App. 1994).
          We overrule appellant’s fifth point of error as without merit.
Conclusion
          We have carefully reviewed the record, counsel’s brief, appellant’s pro se
response, and the State’s brief. We conclude that this appeal is frivolous, and that
appellant has not identified an arguable ground on appeal.
           Counsel has a duty to inform appellant of the result of this appeal and also to
inform appellant that he may, on his own, pursue discretionary review in the Texas
Court of Criminal Appeals. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim.
App. 1997).
          We affirm the judgment of the trial court. 
                                         

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).