NO.
12-04-00279-CR

 

                      IN THE COURT
OF APPEALS       

 

           TWELFTH
COURT OF APPEALS DISTRICT

 

                                 TYLER,
TEXAS

 

CLEOTIS
XAVIER WOOTEN,                        §                APPEAL FROM THE 349TH

APPELLANT

 

V.                                                                          §                JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        §                HOUSTON COUNTY, TEXAS

                                                                                                                                                           


                                                      MEMORANDUM
OPINION

A jury convicted Appellant Cleotis Xavier Wooten of
robbery and sentenced him to ten years of imprisonment and a $2,000 fine.  However, the jury recommended that the
sentence and fine be suspended and that Appellant be placed on community
supervision.  The trial court placed
Appellant on community supervision for a period of ten years.  In two issues, Appellant challenges the legal
and factual sufficiency of the evidence to support his conviction.  We affirm.

 

                                                                Background

Appellant was indicted for aggravated robbery in a
three-count indictment.  See Tex. Pen. Code Ann. § 29.03 (Vernon
2003).  The first two counts were
abandoned by the State.  The third count
identified the victim as Larry Welch, included an allegation of the use of a
deadly weapon, and described Welch as a disabled person.  Appellant pleaded “not guilty,” and the case
proceeded to trial. 








The evidence at trial showed that on the evening of
September 27, 2003, Appellant drove Taylor Watson to Byrd’s Country Store in
Percilla, a remote area of Houston County. 
Appellant let Watson out of a white Ford Ranger pickup and drove from
the scene.  Watson waited beside a
dumpster until all customers left the store. 
He then entered the store wearing a mask over his face and carrying a
gun.  Inside the store were the owner,
Charlene Byrd, her brother, Larry Welch, and a twenty-year-old pregnant clerk,
Kerri Marrs.  Welch worked as a clerk in
his sister’s store.

Welch testified that around closing time, which was
7:00 p.m., he was about to walk outside the store to lock the ice machine.  Charlene advised him to stop because “we are
fixing to get robbed.”  Charlene later
testified that she looked through the glass window in the door and saw a masked
man walking up to the door of the store. Welch stated that the masked man,
dressed in black, came in with a camouflage bag and a gun, demanding
money.  The masked man tried to disguise
his voice by speaking with a Mexican accent. 
Welch stated that “[w]ell, he just kind of looked at me and the
girl.  He had the gun pointed right at
her belly, the pregnant woman.”  Welch
gave Watson the money from the register, placing it into the camouflage bag.  Watson then left the store to wait for
Appellant to pick him up.  However,
Appellant did not return.  Welch further
testified that as Watson left the store, “I watched him.  He walked to the door and stopped and looked,
and I waited for him to shoot us, because that’s what they do when they rob you
and they stop.  When they get out of
there, they stop, they are going to shoot you.”

Deputy Ronnie Jordan, the chief deputy of the
Houston County Sheriff’s Office, 
testified that he was dispatched to the scene of the robbery at Byrd’s
store.  As he drove to the scene, he saw
Captain Roger Dickey and DPS Trooper Michael Hutcherson at County Road 1710 and
Farm-to-Market (FM) Road 2022.  This
location was approximately a half mile from Byrd’s store.  The officers told Deputy Jordan what they
knew about the robbery at Byrd’s store, who the suspects might be, and what
vehicles may have been involved.  The
officers described one of the vehicles as a white Ford Ranger extended cab
pickup, which had been seen leaving Byrd’s store.  Soon thereafter, Deputy Jordan saw this
vehicle on FM 228 and notified Officer Dickey and Trooper Hutcherson that the
vehicle was headed toward them.  Officer
Jordan then proceeded to the other officers’ location.  When he arrived, the officers had stopped the
vehicle and were questioning a black male, Appellant, who was standing beside
the white Ford Ranger.








Deputy Jordan gave Appellant his Miranda warnings,
and a search was conducted of Appellant’s vehicle.  Inside the truck was a canvas camouflage bag
and identification belonging to a white male, Taylor Watson.  Deputy Jordan testified that information
received from the witnesses at the store indicated that a white male had
committed the robbery.  Later that
evening, Watson was taken into custody at FM 2022 and FM 228 in Houston
County.  Soon after Watson was taken into
custody, he gave information to law enforcement regarding the money taken and
items used in the robbery.   Based upon
that information, the officers recovered a backpack, which contained a black
pellet pistol, a camouflage bag, a tactical holster, black gloves, a black head
mask, and over $400 in cash. 

After being instructed on the law of parties, the
jury found Appellant guilty of the lesser included offense of robbery.  Punishment was assessed by the jury at ten
years of imprisonment and a $2,000 fine. 
The jury recommended that the sentence and fine be suspended and
Appellant placed on community supervision. 
The trial court followed the jury’s recommendation and placed Appellant
on community supervision for a period of ten years.  This appeal followed.

 

                                               Sufficiency of the Evidence

In his first issue, Appellant contends that the
evidence was legally insufficient to support his conviction.  In his second issue, Appellant contends the
evidence was factually insufficient. 
Specifically, Appellant contends that there was no evidence that Welch
felt threatened or was in fear of imminent bodily injury or death, which is
required to prove robbery.

Standard of Review

In reviewing the legal sufficiency of the evidence
to support a conviction, we view all the evidence in the light most favorable
to the verdict to determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S.
307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Ross v. State,
133 S.W.3d 618, 620 (Tex. Crim. App. 2004). 
This standard gives “full play” to the responsibility of the trier of
fact to resolve conflicts in the testimony, to weigh the evidence, and to draw
reasonable inferences from basic facts to ultimate facts.  Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789.  The standard for review is
the same for direct and circumstantial evidence cases.  Kutzner v. State, 994 S.W.2d
180, 184 (Tex. Crim. App. 1999).  Although
our analysis considers all evidence presented at trial, we may not reweigh the
evidence and substitute our judgment for that of the fact finder.  King v. State, 29 S.W.3d, 556,
562 (Tex. Crim. App. 2000).








In assessing factual sufficiency, we view all of the
evidence in a neutral light and will set the verdict aside only if the evidence
is so weak that the verdict is clearly wrong and manifestly unjust, or the
contrary evidence is so strong that the standard of proof beyond a reasonable
doubt could not have been met.  Escamilla
v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga
v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004)).  Our evaluation may not intrude upon the fact
finder’s role as the sole judge of the weight and credibility accorded any
witness’s testimony.  Cain v. State,
958 S.W.2d 404, 407 (Tex. Crim App. 1997). 
The weight to be given contradictory testimonial evidence is within the
sole province of the fact finder because it turns on an evaluation of
credibility and demeanor; the fact finder may choose to believe all, some, or
none of the testimony presented.  Id. at 407-08.  We must defer appropriately to the fact
finder to avoid substituting our judgment for its judgment.  Zuniga, 144 S.W.3d at 481-82.

Applicable Law

A person commits robbery when in the course of
committing theft and with intent to obtain or maintain control of the property,
he (1) intentionally, knowingly, or recklessly causes bodily injury to another;
or (2) intentionally or knowingly threatens or places another in fear of
imminent bodily injury or death.  Tex. Pen. Code Ann. § 29.02 (Vernon
2003).  The robbery is aggravated if a
deadly weapon is used or exhibited during the commission of the offense.  Id. § 29.03 (a)(2).  A firearm is a deadly weapon.  Id. § 1.07 (a)(17)(A) (Vernon
Supp. 2004-05).  

A person is criminally responsible for the conduct
of another if, “acting with intent to promote or assist the commission of the
offense, he solicits, encourages, directs, aids, or attempts to aid the other
person to commit the offense[.]”  Tex. Pen. Code Ann. § 7.02(a)(2)
(Vernon 2003).  In determining whether an
accused bears criminal responsibility for an offense, the court may look to
events before, during, and after the commission of the offense.  Beardsley v. State, 738 S.W.2d
681, 684 (Tex. Crim. App. 1987).  A
defendant can be found guilty of robbery under the law of parties.   See Jones v. State, 845
S.W.2d 419, 424 (Tex. App.–Houston [1st Dist.] 1992, pet. ref’d).  Even if there is insufficient evidence to
convict the defendant as a principal, the defendant can still be found guilty
of the offense if sufficient evidence is presented to convict him as a
party.  Guillory v. State,
877 S.W.2d 71, 74 (Tex. App.–Houston [1st Dist.] 1994, pet. ref’d).

Analysis








In the case at hand, Welch stated that Watson walked
into the store with a mask on and pointed a gun at the people in the
store.  Specifically, he testified that
Watson pointed the gun “right at” the stomach of the pregnant clerk, Kerri
Marrs.  Trooper Hutcherson later
testified that when he got to Byrd’s store, the workers there were “excited and
frantic.”  Welch also stated that he was
waiting for Watson to shoot him after the money was placed in the bag.  This is evidence from which the jury could
have reasonably concluded that Welch was placed in fear of imminent bodily
injury or death.  See Patterson v.
State, 639 S.W.2d 695, 696 (Tex. Crim. App. 1982) (holding that
complainant’s testimony that she (1) believed the appellant had a gun, (2)
feared imminent bodily injury, and (3) felt threatened with physical harm was
sufficient to show fear of imminent bodily injury).

Reviewing the evidence set forth above in the light
most favorable to the verdict, we conclude that the above testimony was legally
sufficient for a reasonable jury to find beyond a reasonable doubt that Welch
feared imminent bodily injury or death, as required to prove robbery.  We conclude that Appellant’s first issue is
without merit and overrule it.

Although Appellant does not point us to any evidence
in the record that is contrary to the verdict, we have examined the record for
any evidence indicating that Welch had no fear of imminent bodily injury or
death.  The only evidence we noted that might
be considered contrary to the verdict was Welch’s statement, when asked what he
did as Watson left the store, that “my sister wouldn’t let me shoot him.  She told me leave it alone, there might be
more.  So he got away.”  However, this evidence does not outweigh the
other testimony that shows Welch feared imminent bodily injury or death.

After examining all the
evidence in a neutral light, we hold that the proof of guilt was not so
obviously weak as to undermine confidence in the jury’s determination, nor was
the contrary evidence so strong that the beyond a reasonable doubt standard
could not have been met.  See Escamilla,
143 S.W.3d at 817.  We will not
substitute our judgment for that of the fact finder.  Zuniga, 144 S.W.3d at
481-82.  Appellant’s second issue is
overruled.

                                                                  Conclusion

Having overruled
Appellant’s first and second issues, the judgment of the trial court is affirmed.

  
 DIANE DEVASTO   

    
Justice

Opinion delivered October 12, 2005.

Panel consisted of Worthen, C.J.,
Griffith, J., and DeVasto, J.

 

                                                              (DO NOT
PUBLISH)