Opinion issued January 31, 2008 








 










In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00349-CR

____________


KENNETH RAY POOL, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause No. 1077747






MEMORANDUM OPINION

 A jury found appellant, Kenneth Ray Pool, guilty of the offense of aggravated
robbery (1) and assessed his punishment at confinement for thirty years. In three issues,
appellant contends that (1) the evidence is legally and factually insufficient to support
his conviction, (2) he received ineffective assistance of counsel during the
punishment phase of trial, and (3) the trial court erred in denying his motion for new
trial.

 We affirm.

Factual and Procedural Background

 Angela Geisler, a hair stylist at the Cut-Away Salon in Pasadena, testified that
on July 20, 2006, at approximately noon, she was giving the complainant, Margaret
Jones, a haircut when appellant, wearing black sunglasses and an orange, plastic hard
hat, entered the salon and took two purses, including one of which belonged to the
complainant. Geisler attempted to retrieve the purses from appellant, but appellant
then brandished a revolver and stated, "I have a [revolver]." Appellant "waved" the
revolver around before fleeing the salon. Geisler identified appellant as the assailant. (2)

 The complainant testified that after appellant took her purse, appellant
brandished a revolver. This made her feel "scared to death" and "threatened," and she
was in "fear of bodily injury or harm." The complainant identified appellant as the
assailant. (3)

 Pasadena Police Department Detective R. Herrera, Sr., testified that on July 21,
2006, he saw appellant inside a white-colored pickup truck. Pasadena Police
Department Officer J. Martinez testified that he recovered an orange, plastic hard hat
and sunglasses from the truck. Pasadena Police Department Officer R. Hunt testified
that he recovered a Smith and Wesson revolver, caliber .38, from inside the truck. (4) 
 After the trial court signed its judgment and sentence, appellant filed a motion
for new trial, asserting that his trial counsel provided him with ineffective assistance. 
After hearing the evidence and arguments of counsel, the trial court denied the
motion.

Sufficiency of the Evidence

 In his first issue, appellant argues that the evidence is legally and factually
insufficient to support his conviction because "there was conflicting testimony" about
whether the complainant was in fear of imminent bodily injury or death. 

 We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt. 
Vodochodsky v. State, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). We note that
the trier of fact is the sole judge of the weight and credibility of the evidence. 
Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). Thus, when
performing a legal sufficiency review, we may not reevaluate the weight and
credibility of the evidence and substitute our judgment for that of the fact-finder. 
Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). We must resolve any
inconsistencies in the evidence in favor of the verdict. Curry v. State, 30 S.W.3d 394,
406 (Tex. Crim. App. 2000).

 In a factual sufficiency review, we view all the evidence in a neutral light, both
for and against the finding, and set aside the verdict if the proof of guilt is so
obviously weak as to undermine confidence in the jury's determination, i.e., that the
verdict seems "clearly wrong and manifestly unjust," or the proof of guilt, although
legally sufficient, is nevertheless against the great weight and preponderance of the
evidence. Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006). We
note that a jury is in the best position to evaluate the credibility of witnesses, and we
afford "due deference" to the jury's determinations. Marshall v. State, 210 S.W.3d
618, 625 (Tex. Crim. App. 2006).

 A person commits the offense of robbery if in the course of committing theft
and with intent to obtain or maintain control of the property, the person "intentionally
or knowingly threatens or places another in fear of imminent bodily injury or death." 
Tex. Penal Code Ann. § 29.02(a)(2) (Vernon 2003). The offense of robbery is
elevated to the offense of aggravated robbery if the person "uses or exhibits a deadly
weapon." Id. § 29.03(a)(2) (Vernon 2003). A firearm is considered a deadly weapon. 
Id. § 1.07(a)(17)(A) (Vernon Supp. 2007).

 Here, viewing the evidence in a light most favorable to the verdict, the
complainant testified that she felt "scared to death," "threatened," and was in "fear
of bodily injury or harm" when appellant brandished the revolver. A rational trier of
fact could have found, beyond a reasonable doubt, that appellant intentionally or
knowingly threatened or placed the complainant in fear of imminent bodily injury or
death so as to commit the offense of aggravated robbery. See Patterson v. State, 639
S.W.2d 695, 696 (Tex. Crim. App. 1982) (evidence of fear of imminent bodily injury
found to be legally sufficient where complainant testified that she feared imminent
bodily injury, believed defendant had gun, and felt threatened). Accordingly, we hold
that the evidence is legally sufficient to support the jury's implied finding that
appellant placed the complainant in fear of imminent bodily injury or death.

 Viewing the evidence neutrally, although the complainant initially stated after
she was asked if she was in fear of her life, "I don't know that it was my life as much
as [Geisler's life]," she further testified that she was in "fear of bodily injury or
harm." Also, the complainant unequivocally testified that she was "scared to death"
and felt "threatened" while appellant was brandishing a revolver in her direction after
he took her purse. We conclude that the evidence is not so obviously weak such that
the verdict is clearly wrong and manifestly unjust, or that the proof of guilt is against
the great weight and preponderance of the evidence. Accordingly, we hold that the
evidence is factually sufficient to support the jury's implied finding that appellant
placed the complainant in fear of imminent bodily injury or death.

 We overrule appellant's first issue.

Ineffective Assistance of Counsel

 In his second and third issues, appellant argues that the trial court abused its
discretion in denying his motion for new trial because his trial counsel's "failure to
conduct [an] adequate pretrial investigation of [appellant's] mental health history was
not [a] reasonable strategy." Appellant asserts that "[t]here is absolutely no plausible
trial strategy to justify not calling a medical expert or psychiatrist as mitigation
[evidence during the punishment phase of trial] to discuss depression and possible
Zoloft side effects, given [appellant's] psychiatric history and medication."

 In order to prove an ineffective assistance of counsel claim, a defendant must
show that his counsel's performance fell below an objective standard of
reasonableness and, but for his counsel's unprofessional error, there is a reasonable
probability that the result of the proceedings would have been different. Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Vasquez v. State,
830 S.W.2d 948, 949 (Tex. Crim. App. 1992). A reasonable probability is a
"probability sufficient to undermine confidence in the outcome." Strickland, 466
U.S. at 694, 104 S. Ct. at 2068. In reviewing counsel's performance, we look to the
totality of the representation to determine the effectiveness of counsel, indulging a
strong presumption that his performance falls within the wide range of reasonable
professional assistance or trial strategy. Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999).

 Generally, we review a trial court's denial of a motion for a new trial under an
abuse of discretion standard. Salazar v. State, 38 S.W.3d 141, 148 (Tex. Crim. App.
2001). However, the United States Supreme Court has explicitly held that "both the
performance and prejudice components of the ineffectiveness inquiry are mixed
questions of law and fact." Strickland, 466 U.S. at 698, 104 S. Ct. at 2070; see also
Williams v. Taylor, 529 U.S. 362, 419, 120 S. Ct. 1495, 1526 (2000) ("While the
determination of 'prejudice' in the legal sense may be a question of law, the
subsidiary inquiries are heavily factbound."). Thus, although we generally review the
trial court's decision to grant or deny a motion for new trial for an abuse of discretion,
we are not bound by a trial court's conclusion regarding the effectiveness of counsel. 
See Strickland, 466 U.S. at 698, 104 S. Ct. at 2070; Johnson v. State, 169 S.W.3d
223, 239 (Tex. Crim. App. 2005). Accordingly, "where the trial court 'is not in an
appreciably better position' than the appellate court to decide the issue, the appellate
court may independently determine the issue while affording deference to the trial
court's findings on subsidiary factual questions." Villarreal v. State, 935 S.W.2d
134, 139 (Tex. Crim. App. 1996) (McCormick, P.J., concurring) (quoting Miller v.
Fenton, 474 U.S. 104, 117, 106 S. Ct. 445, 453 (1985)); see Kober v. State, 988
S.W.2d 230, 233 (Tex. Crim. App. 1999). Yet, the trial court remains in the best
position to evaluate the credibility of the witnesses and resolve such conflicts. Kober,
988 S.W.2d at 233; see Strickland, 466 U.S. at 698, 104 S. Ct. at 2070.

 Trial counsel has a duty "'to make reasonable investigations or to make a
reasonable decision that makes particular investigations unnecessary.'" McFarland
v. State, 928 S.W.2d 482, 501 (Tex. Crim. App. 1996) (quoting Strickland, 466 U.S.
at 691, 104 S. Ct. at 2066). Trial counsel's decision to not investigate "'must be
directly assessed for reasonableness in all the circumstances, applying a heavy
measure of deference to counsel's judgments.'" Id. (quoting Strickland, 466 U.S. at
691, 104 S. Ct. at 2066). When determining whether trial counsel conducted an
adequate investigation for potential mitigating evidence, "we focus on whether the
investigation supporting [trial] counsel's decision not to introduce mitigating
evidence of [the defendant's] background was itself reasonable." Wiggins v. Smith,
539 U.S. 510, 523, 123 S. Ct. 2527, 2536 (2003); Freeman v. State, 167 S.W.3d 114,
117 (Tex. App.--Waco 2005, no pet.). Trial counsel is not required "to investigate
every conceivable line of mitigating evidence no matter how unlikely the effort would
be to assist the defendant at sentencing." Freeman, 167 S.W.3d at 117. 

 Also, when a defendant complains that his trial counsel rendered ineffective
assistance by failing to call an expert witness, the defendant must first show that the
expert would have testified in a manner beneficial to him. See Cate v. State, 124
S.W.3d 922, 927 (Tex. App.--Amarillo 2004, pet. ref'd); Teixeira v. State, 89 S.W.3d
190, 194 (Tex. App.--Texarkana 2002, pet. ref'd).

 Here, before trial, appellant's trial counsel obtained a competency evaluation
and a sanity evaluation of appellant. In the evaluations, Dr. Ramon A. Laval, a
licensed psychologist, stated that, although appellant suffered from depression, he
was competent to stand trial and sane at the time he committed the offense. Dr. Laval
noted appellant's assertion that he was taking Zoloft, but he found appellant's thought
process to be "logical and coherent." Dr. Laval thoroughly described appellant's
asserted side effects. 

 Also, during the punishment hearing, appellant's son, David Pool, testified that
he had concerns about appellant's behavior and decision-making in general. Another
son of appellant, Michael Pool, testified that appellant suffered from depression, but
he was not aware that appellant was taking any medication for depression. 
Appellant's mother, Marion Pool, and appellant's daughter-in-law, Tasha Pool, both
testified that appellant was suffering from depression and taking medication. Also,
appellant testified that he was suffering from depression. Appellant asserted that his
anti-depression medicine, Zoloft, "really got [him] in[to] trouble" because it caused
him to be "forgetful" and "have blackouts." 

 In sum, during the punishment phase of trial, appellant's trial counsel called
appellant and five other witnesses to testify in appellant's favor. During his jury
argument, trial counsel argued that appellant's depression and the effect of his
medication should mitigate in favor of appellant in regard to his sentence.

 At appellant's hearing on his motion for new trial, appellant had been
appointed new counsel, who argued that appellant's trial counsel had provided
appellant ineffective assistance because he failed to investigate and provide adequate
mitigation evidence of appellant's prior psychiatric problems. At the hearing,
appellant's trial counsel testified that he did "an extensive investigation" of
appellant's case. Appellant's trial counsel explained that appellant had told him that
appellant had seen a psychologist in the past, but appellant "could not remember the
name of the psychologist. . . . or [the] location of the psychologist." Appellant's trial
counsel further explained that when he spoke to appellant's sons, they did not
mention to him that appellant was seeing a psychologist, stating that appellant was
"resistant . . . to seek[ing] professional help." Appellant's trial counsel also noted that
he "looked into the possible side effects [of] Zoloft," but "could find no evidence that
would suggest it would impair an individual's ability to distinguish between right
[and] wrong." Appellant's trial counsel further noted that he did not find "any
evidence to suggest that Zoloft would cause a person to commit . . . crimes."

 Appellant, at the hearing, testified that he had told his trial counsel that he "was
taking Zoloft from Mexico," explaining that his trial counsel "didn't say anything to
me about it and never followed up with doctors or witnesses and it was never
mentioned in [his] trial." Appellant did not present records showing that he had taken
Zoloft. He did present an affidavit, in which a doctor testified that in 1997, the doctor
prescribed appellant Zoloft, and the doctor had since destroyed the records in the
ordinary course of business.

 In support of his argument that he received ineffective assistance, appellant
relies on Ex parte Briggs, 187 S.W.3d 458 (Tex. Crim. App. 2005) and Freeman v.
State, 167 S.W.3d 114 (Tex. App.--Waco 2005, no pet.). Neither case is applicable
here. In Briggs, the Texas Court of Criminal Appeals found that trial counsel
provided ineffective assistance when he decided not to hire an expert witness based
solely on economical reasons, concluding that trial counsel's failure to investigate
"was not a 'strategic' decision, [but rather,] an economical one." Briggs, 187 S.W.3d
at 467. In Freeman, based on numerous medical records, a psychiatrist testified,
posttrial, that the defendant may have been legally insane at the time of the offense. 
Freeman, 167 S.W.3d at 118-19. The appellate court found that trial counsel
provided ineffective assistance because trial counsel "conceded that he did not
investigate [the defendant's] mental health history, even though [trial] counsel knew
[the defendant] had a history of mental health issues." Id. at 119.

 Here, in stark contrast, trial counsel obtained pretrial competency and sanity
evaluations of appellant by Dr. Laval. Trial counsel introduced the evaluations into
evidence during the punishment hearing, placing appellant's assertion that he was
affected by Zoloft in front of the jury. Moreover, trial counsel presented three family
members who testified that appellant was depressed, two family members who
testified that appellant was taking medication, and appellant who testified that he was
depressed and taking medication. Appellant described for the jury the side effects he
experienced from taking the medication, such as "blackouts." Trial counsel stated
during argument that appellant's depression and self-medication were mitigating
factors.

 Unlike in Briggs, trial counsel's decision not to call an expert at punishment
was not an economical one. Here, trial counsel noted that appellant told him he could
not remember the name or address of the psychologist that he had seen many years
ago. Also, unlike in Freeman, here, trial counsel made personal investigations into
the effects of Zoloft and interviewed appellant and his family. He reasonably
concluded, based on his personal investigation and a psychologist's recommendation,
that appellant knew right from wrong at the time of the offense. In fact, calling an
expert at punishment may have compromised trial counsel's argument that evidence
of appellant's depression and use of Zoloft should mitigate in appellant's favor in
regard to the jury's sentence. 

 Moreover, appellant even concedes in his appellate brief that it is "sheer
speculation" that an expert would have been beneficial to him. Thus, appellant has
failed to make an initial showing of possible ineffective assistance because he has not
shown that the expert's testimony would have benefitted him. See Cate, 124 S.W.3d
at 927.

 Accordingly, we hold that appellant has not shown that his trial counsel failed
"to conduct [an] adequate pretrial investigation" or that his representation of appellant
fell below an objective standard of reasonableness. We further hold that the trial
court did not abuse its discretion in denying appellant's motion for new trial.

 We overrule appellant's second and third issues. 

Conclusion

 We affirm the judgment of the trial court.





 Terry Jennings

 Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.


Do not publish. Tex. R. App. P. 47.2(b). 
1. See Tex. Penal Code Ann. § 29.03(a)(2) (Vernon 2003).
2. Thomas Lara, also a hair stylist at the salon, identified appellant as the assailant as
well.
3. Clara Rodriguez, a customer at the salon, testified that appellant also took her purse
and identified appellant as the assailant.
4. Geisler testified that the revolver was either "the same or similar to the weapon
[which she] observed" appellant brandishing after he took the two purses from the
complainant and Rodriguez in the salon.